FILED

2011 Apr-20  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **FIRST COMMERCIAL BANK OF HUNTSVILLE,** | ) |
| | ) |
| | ) |
| **Counter-claim and Third Party Plaintiff,** | ) |
| | ) |
| | ) **Case No.: 2:08-CV-276-VEH** |
| **v.** | ) |
| | ) |
| **FAITH PROPERTIES, LLC, as Counter-claim Defendant; and KEVIN VAKILI and SINA JASHFAR, as Third Party Defendants,** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Counter-claim and Third Party Defendants.** | ) |
| | ) |

---

## <u>MEMORANDUM OPINION</u>

## I.      BACKGROUND

This case arises out of Defendants' attempt to collect on various debts owed

by Third Party Defendant Kevin Vakili.  Plaintiffs allege that the Defendants (in

various combinations) violated Alabama law by attempting to foreclose on certain

properties owned by Plaintiffs and Kevin Vakili and by attempting to collect on a

default judgment entered against Kevin Vakili in Alabama state court.  Defendants

First Commercial Bank of Huntsville ("FCB"), Charles F. Stephenson, Brookestone

Place, LLC, and Providence Place, LLC assert that Plaintiffs and Kevin Vakili fraudulently transferred certain assets in order to avoid Kevin Vakili's creditors.

On August 13, 2009, the Court entered a Partial Final Judgment Order (doc. 122) (the "PFJ Order") in this case.  As a result of the PFJ Order, the only claims that remained pending before the Court were the claims of Counter-Claim Plaintiff and Third Party Plaintiff, FCB against Counter-Claim Defendant and Third Party Defendants, Faith Properties, LLC, Kevin Vakili, and Sina Jashfar (the "Counter-claim and Third Party Defendants").

Pending at the time of the PFJ Order was the Motion for Attorneys' Fees (doc. 123) and the Bill of Costs (doc. 128) filed by Charles F. Stephenson, Brookestone Place, L.L.C., and Providence Place, L.L.C. (the "Stephenson Defendants").  The Motion for Attorneys' Fees (doc. 123) was denied without prejudice by Order (doc. 139) entered on April 29, 2010.

On July 1, 2010, the Stephenson Defendants filed a Motion to Make Final the Partial Judgment Entered on August 13, 2009, and Motion for Attorneys' Fees (doc. 142) (the "Second Motion for Attorneys' Fees").  The Counter-Claim and Third Party Defendants and Marjan Vakili opposed the Second Motion for Attorneys' Fees (doc. 147).  By Order (doc. 149) entered on October 6, 2010, the Court denied without prejudice the Second Motion for Attorneys' Fees.

On February 10, 2011, FCB and the Counter-Claim and Third Party Defendants notified the Court that they had resolved all issues remaining between them. (Joint Stipulation of Dismissal, Doc. 152).

By Order (doc. 153) entered on February 11, 2011, the Court reinstated the Second Motion for Attorneys' Fees (doc. 142). On March 17, 2011, the Stephenson Defendants filed a reply (doc. 155) to the Second Motion for Attorneys' Fees. On March 23, 2011, the Counter-Claim and Third Party Defendants and Marjan Vakili filed a Motion to Strike the Affidavit of Richard J.R. Raleigh, Jr. (doc. 156) attached as Exhibit A to the Stephenson Defendants' reply. The Court denied the motion by Order (doc. 158) entered on March 28, 2011, but gave the Counter-Claim and Third Party Defendants and Marjan Vakili 14 days from entry of the Order to file a surreply to address the affidavit. No surreply was filed.

## II.    ANALYSIS

## A.    The Alabama Litigation Accountability Act

The Stephenson Defendants claim that they are entitled to attorneys' fees on the basis of the Alabama Litigation Accountability Act ("ALAA"). (Doc. 142 at 7). Pursuant to the ALAA, the Court shall assess attorneys' fees and costs against a party if the party "brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or any part thereof,

or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct."  Ala. Code § 12-19-272(c).  "Without substantial justification" refers to an "action, claim defense or appeal" that is "frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court."  Ala. Code § 12-19-271(1).  The court shall consider the following factors, among others, in determining whether to assess attorneys' fees and the amount to be assessed:

(1) The extent to which any effort was made to determine the validity of the action, claim or defense before it was asserted; (2) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid; (3) The availability of facts to assist in determining the validity of an action, claim or defense; (4) The relative financial position of the parties involved; (5) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose; (6) Whether or not issues of fact, determinative of the validity of a parties' claim or defense, were reasonably in conflict; (7) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy; (8) The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing; (9) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court; (10) The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper

4

parties owing a legally defined duty to any party or parties asserting the claim or action; (11) The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and (12) The period of time available to the attorney for the party asserting any defense before such defense was interposed.

Ala. Code § 12-19-273.

In the Memorandum Opinion entered on August 13, 2009, the Court found that the doctrine of unclean hands applies to Kevin Vakili, Marjan Vakili, and Faith Properties and that they were consequently barred from seeking any equitable relief. (Doc. 121 at 43-44). The Court found that Kevin Vakili "willfully attempted to defraud his creditors and this Court by claiming that the 2005 transfer of the Huntsville Properties was done only to effectuate transfers that were intended to have occurred years earlier in 2003. However, the evidence establishes that the 2005 Transfer was done to escape Kevin Vakili's creditors." *Id.* at 42. The Court further found that, at the same time he transferred the Huntsville Properties, Kevin Vakili divested his interest in Faith Properties, rendering the transaction unreachable by his creditors. *Id*. The Court also found that Marjan Vakili's active misconduct in the case arose to the level of unclean hands because she had aided Kevin Vakili in avoiding FCB, his judgment creditor, and in thwarting the Alabama state court's TRO and also because she had participated in backdating to October, 2004, Kevin Vakili's December, 2005 transfer of his interest in Faith Properties to herself and her son. *Id.*

at 43.  The Court held that Faith Properties, as transferee of Huntsville Properties, was guilty of unclean hands because it was "used as a type of sham organization to avoid Kevin Vakili's creditors and it was a central fixture in the fraudulent transfers." *Id.*

The Court determined that the Plaintiffs had stated a claim as to wrongful foreclosure against Brookestone Place, but granted summary judgment on this claim along with all others to the Stephenson Defendants because wrongful foreclosure is an equitable remedy.  *Id.* at 47, 53-55.

The Counter-Claim and Third Party Defendants and Marjan Vakili argue that they could not have anticipated the assertion of the Stephenson Defendants' unclean hands defense at the time the Complaint was filed and, therefore, the Court cannot find that they asserted a claim or defense without substantial justification so that the ALAA would be applicable.  (Doc. 147 at 5).  The Court finds this argument unpersuasive.  Having found that the Counter-Claim and Third Party Defendants and Marjan Vakili were guilty of unclean hands, the Court necessarily determined that their misconduct "infected the cause of action, so that to entertain it would be violative of conscience." *Powell v. Mobile Cab & Baggage Co.*, 83 So. 2d 191, 194 (Ala. 1955) (quotation omitted).  The Court could not have found the maxim applicable if the wrongdoing was only "remotely or indirectly connected with the

matter in controversy." *Id*. (quotation omitted). Because the misconduct was so entwined with the matters at issue, the Counter-Claim and Third Party Defendants and Marjan Vakili were necessarily aware that their claims were without substantial justification as the defense of unclean hands would be raised.

## B.   Attorneys' Fee Award

An attorney's fees award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "This 'lodestar' may then be adjusted for the results obtained." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "Although a district court has wide discretion in performing these calculations, '[t]he court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Id.* (quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1304 (11th Cir. 1988)) (internal citation omitted). Accordingly, the court will analyze the application for attorney's fees using the lodestar method.

The Second Motion for Attorneys' Fees was accompanied by the sworn affidavit of Missi Busbin ("Busbin"), the Office Manager at Wilmer & Lee, P.A., counsel for the Stephenson Defendants. (Doc. 142 Ex. A). Busbin is one of the persons with custody and control of the Wilmer & Lee, P.A. billing records in relation

7

to this case.  *Id.* at 1.  An attachment to the affidavit shows the attorneys who worked on the case, the amount of hours they expended on the matter, their billing rate per hour, and a dollar figure representing the hours expended multiplied by the billing rate for each attorney.[1]  *Id.* at 3.  The total amount billed by all attorneys working on this matter was $85,590.00.  *Id.*  The Second Motion for Attorneys' Fees was also accompanied by the sworn affidavit of Kim Bessiere Martin ("Martin"), a licensed member of the Bar of the State of Alabama practicing in Huntsville.  (Doc. 142 Ex. B).  Martin states that, based on the factors set forth in *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983), and other case law and her examination of the files of the attorneys for the Stephenson Defendants and other matters she had reviewed, the $85,590.00 charged is a reasonable fee to be awarded to the attorneys for the Stephenson Defendants for their services in this matter.  *Id.* at 4.

The Stephenson Defendants attached the sworn affidavit of Richard J.R. Raleigh, Jr., one of the attorneys representing the Stephenson Defendants, to their reply.  (Doc. 155 Ex. 1).  The affidavit included an attachment which stated with particularity the date that work on the case was done, who did the work, what tasks

---

[1]  The attachment incorrectly states that Samuel H. Givan's billing rate is $120.00 per hour.  (Doc. 142 Ex. A at 4).  His actual billing rate is $200.00 per hour and the requested amount of attorneys' fees reflects Givan billing at that rate. (Doc. 155 Ex. 1 at 4).

were undertaken, the hours to the nearest tenth expended, and the amount owed for that work. *Id*.

To determine a reasonable hourly rate, the court looks to the attorney's skill, experience, and reputation. *Loranger*, 10 F.3d at 781.[2]  Also, the "party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*,  97 F.3d 1393, 1396 (11th Cir. 1996). Typically, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.  However, the court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award.  *See Loranger*, 10 F.3d at 781 ("A court, however, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either

---

[2]  In determining this amount, the court may consider the twelve *Johnson* factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305 n. 8 (S.D. Fla. 2008) (citing *Schafler v. Fairway Park*, 147 Fed. Appx. 113 (11th Cir. 2005); *Johnson*, 488 F.2d at 717-719).

with or without the aid of witnesses as to value." (internal quotation omitted)).

The Stephenson Defendants claim fees for five attorneys working on this case. Angela S. Rawls, admitted to the Alabama bar in 2003, has a billing rate of $200.00 per hour;  Marcus A. Huff, admitted to the Alabama bar in 2005, has a billing rate of $200.00 per hour; Kimberly N. Kelley, admitted to the Alabama bar in 2008, has a billing rate of $175.00 per hour; Raleigh, admitted to the Alabama bar in 1995 and the managing shareholder at the firm, has a billing rate of $225.00 per hour; and Samuel H. Givan, admitted to the Alabama bar in 1994 and a shareholder at the firm, has a billing rate of $200.00 per hour.   (Doc. 142 Ex. A at 4); *see* http://www.wilmerandlee.com (last visited April 14, 2011); http://www.alabar.org/directory/dirDisplay.cfm?URLId=1y0@5H8UNK687gR4&-5=EMU]emu (last visited April 14, 2011).  The Counter-Claim and Third Party Defendants and Marjan Vakili have not argued, nor does this Court find, that these rates are unreasonable.  *See* (Doc. 142 Ex. 2 at 3-4) (stating that claimed fee is reasonable in light of the fee customarily charged in the locality for similar legal services and the professional experience and reputation of the Stephenson Defendants' attorneys); *see also Flanigan's Enters., Inc. v. Fulton Cnty.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument).

10

Additionally, the Counter-Claim and Third Party Defendants and Marjan Vakili have not argued, nor does this Court find, that the hours claimed in this case were not reasonably expended.[3]  *See* (Doc. 142 Ex. 2); *see also Flanigan's Enters.*, 242 F.3d at n.16.  Accordingly, the Stephenson Defendants are entitled to an attorneys' fee award in the full amount of $85,590.00.

## III.   CONCLUSION

Accordingly, for the reasons stated above, the Stephenson Defendants' Second Motion for Attorneys' Fees is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this the 20th day of April, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3]  In their response to the instant motion, the Counter-Claim and Third Party Defendants and Marjan Vakili argue that the motion did not provide detail from which they could meaningfully challenge the fees sought as they could not make a determination as to how attorney time was spent.  (Doc. 147 at 9).  Raleigh's affidavit and attached time records resolved any of these deficiencies.  Although the Counter-Claim and Third Party Defendants and Marjan Vakili were granted leave to file a surreply to address the submitted time records, they chose not to file any surreply.